

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00160-CR

WHITNEY ROGERS                                                APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
## TRIAL COURT NO. 2014-0223M-CR

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

I agree that the law dictates the result reached by the majority opinion—the passenger of the vehicle lacks standing to challenge the search of the driver's person because she does not have a reasonable expectation of privacy in the search of a third person. I concur only to express concern about the practical implications of this conclusion.

---
[1]*See* Tex. R. App. P. 47.4.

Most troublesome to me in this case is the fact that neither the driver nor the passenger did anything at all to give rise to any need for any search in this situation. The facts and circumstances under which an otherwise illegal search became legally permissible here were created by the law enforcement officer alone.

The officer stopped the vehicle for a non-moving traffic violation. Because the officer had a preference for speaking to occupants of vehicles separately, he decided to separate the driver from the passenger. In order to separate the driver from the passenger, the officer directed the driver to step out of the vehicle. Because stepping onto the shoulder of a highway, as directed by the officer, created a potentially dangerous situation, the officer determined that the driver should be questioned inside his patrol car. Because the driver's presence inside the patrol car, as prescribed by the officer, created a safety risk, the officer determined that the driver needed to be frisked. The rest is history—the frisk revealed a meth pipe, which led to the search of the vehicle, which led to the discovery of the passenger's luggage, which led to the discovery of a make-up bag, which led to the discovery of a controlled substance, which formed the basis of the passenger's ultimate arrest and conviction.

Should every law enforcement officer choose to employ similar tactics while performing routine traffic stops, no citizen would enjoy protection from unwarranted searches that the Fourth Amendment to our federal Constitution purports to guarantee. And although I do not quarrel with the sound reasoning

2

and the legal correctness of the majority opinion, I simply lament that little strokes fell great oaks. *See, e.g.*, *Sikes v. State*, 981 S.W.2d 490, 493–94 (Tex. App.—Austin 1998, no pet.) (holding that *Terry* frisk was not justified where officer testified that it was his routine procedure to do so whenever he searched a vehicle); *Salazar v. State*, 893 S.W.2d 138, 143 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) ("[C]onstitutional protections against unreasonable searches cannot be whittled away by police regulations or standard operating procedure.").

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 14, 2016

3